UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,
100 F Street, N.E.
Washington, D.C. 20549,

    Plaintiff,

v.

DELTA & PINE LAND COMPANY
One Cotton Row
Scott, Mississippi 38772,

and

TURK DELTAPINE, INC.
One Cotton Row
Scott, Mississippi 38772,

    Defendants.

COMPLAINT

---

Plaintiff Securities and Exchange Commission alleges that:

## JURISDICTION

1. This Court has jurisdiction pursuant to Sections 21(d)(3) and 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78u(d)(3) and 78aa. In connection with the conduct described herein, the defendant made use of the mails and/or the means or instrumentalities of interstate commerce.

## DEFENDANTS

2. Delta & Pine Land Company ("Delta & Pine") is a Delaware corporation with its headquarters in Scott, Mississippi. Delta & Pine is primarily engaged in the breeding,

production, conditioning and marketing of proprietary varieties of cotton planting seed. Delta & Pine conducts operations in a number of foreign jurisdictions, including Turkey. Delta & Pine's common stock is registered with the Commission pursuant to Section 12(b) of the Exchange Act and is traded on the New York Stock Exchange.

3.  Turk Deltapine, Inc. ("Turk Deltapine") is a Delaware corporation with its headquarters in Scott, Mississippi. Turk Deltapine is a wholly-owned subsidiary of Delta & Pine and is engaged in the production and sale of cottonseed in Turkey, both for domestic consumption in Turkey and for export to other countries.

## FACTS

4.  From 2001-2006, Turk Deltapine made payments valued at approximately $43,000 (including cash, payment of travel and hotel expenses, air conditioners, computers, office furniture and refrigerators) to multiple officials of the Turkish Ministry of Agricultural and Rural Affairs ("MOA"). Turk Deltapine made the payments in order to obtain governmental reports and certifications that were necessary for Turk Deltapine to operate its business in Turkey. These payments, which assisted the Defendants in obtaining and retaining business, violated the anti-bribery provisions of the Foreign Corrupt Practices Act ("FCPA"). In addition, in connection with these improper payments, Delta & Pine failed to keep accurate books and records, and failed to have effective internal controls. Accordingly, Delta & Pine violated the books and records and internal controls provisions of the FCPA.

5.  Turk Deltapine contracts annually with a number of Turkish farmers to grow seed on their farms for Turk Deltapine. The Turkish farmers own the seed until it is sold

to Turk Deltapine. Inspectors from provincial offices of MOA inspect the fields to determine the spacing and size of the fields, and to estimate their anticipated production. The inspections are time-sensitive, in that they must occur while the cotton crop is in the field and before more than one-third of the cotton bolls open. Upon completion of the inspection, MOA inspectors are required to complete inspection reports. The inspections and inspection reports must be completed before Turk Deltapine can purchase the cotton seeds from Turkish farmers. In a number of cases, MOA inspectors receiving payments from Turk Deltapine did not actually inspect the fields prior to completing inspection reports, as they were required to do.

6.  Turk Deltapine also was required to obtain certifications from laboratories authorized by MOA to perform tests required by the Organisation for Economic Cooperation and Development ("OECD") for quality and to confirm the absence of certain characteristics. Turk Deltapine also needed another certificate from MOA's plant protection office to export seed for sale. In order to obtain these certifications, inspectors from MOA obtain samples of the seed from Turk Deltapine facilities. The sampling officials collect samples from each lot of seed and seal the sample in an official envelope before sending the seed to laboratories for testing and certification. During the process of sampling and preparing the seed for transmission to laboratories, the sampling officials are required to certify that the seed samples have been properly chemically treated and bagged. These MOA certifications must be completed before Turk Deltapine is permitted to sell its seeds in Turkey or export the seeds to other countries. In a number of cases, MOA officials providing the certifications, and who received payments from Turk

Deltapine, did not comply with regulations concerning the chemical treatment and bagging of seed.

7. Prior to May 2004, payments to MOA officials were made in part using revenue generated from the sale of Turk Deltapine waste products and products from waste allowance. These sales, and the payments to MOA officials made from the proceeds of those sales, were not recorded in the books, records, and accounts of Turk Deltapine or Delta & Pine. In addition, some payments to MOA officials were recorded in the books, records, and accounts of Turk Deltapine and Delta & Pine as "Porter Fees" paid to non-existent persons.

8. In May 2004, Delta & Pine officers in the United States learned that Turk Deltapine was making payments to MOA officials. Delta & Pine reviewed the circumstances of the payments, but did not receive all facts concerning those payments from Turk Deltapine employees.

9. Instead of halting the payments, Delta & Pine permitted the payments to continue using the following procedure in consultation with Turk Deltapine employees. Rather than Turk Deltapine making the payments directly to MOA employees, Turk Deltapine arranged to have the payments made by a chemical company supplier to Turk Deltapine. Turk Deltapine employees estimated the annual amount of payments that would be made to MOA employees, and arranged to have the chemical company pay those amounts to MOA employees. The chemical company, in turn, would include those sums, plus a 10 percent fee for handling the transactions, in its invoices for chemicals supplied to Turk Deltapine. The payments to MOA officials made after May 2004 therefore similarly were not recorded in the books, records, and accounts of Turk Deltapine or Delta & Pine.

Moreover, in setting out this procedure, an internal Delta & Pine memorandum noted that there were "no effective controls to put in place to monitor this process."

10. Turk Deltapine's payments to MOA officials did not cease until 2006, when the payments came to light in connection with due diligence being performed by a potential acquirer of Delta & Pine.

### FIRST CLAIM

### [Violations of Exchange Act Section 30A]

11. Paragraphs 1 through 10 are realleged and incorporated by reference.

12. As described above, Turk Deltapine corruptly paid money and gifts to officials of a foreign authority for the purposes of influencing their official decisions and inducing them to use their influence to assist Turk Deltapine in obtaining or retaining business. Throughout the relevant period, MOA inspectors were foreign officials within the meaning of the FCPA, and MOA was an instrumentality of a foreign government within the meaning of the FCPA.

13. By reason of the foregoing, Turk Deltapine violated the anti-bribery provisions of the FCPA, as codified at Exchange Act Section 30A [15 U.S.C. § 78dd-1].

### SECOND CLAIM

### [Violations of Exchange Act Section 13(b)(2)(A)]

14. Paragraphs 1 through 10 are realleged and incorporated by reference.

15. As described above, Delta & Pine failed to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflected its transactions and dispositions of its assets.

16. By reason of the foregoing, Delta & Pine violated the books-and-records provisions of the FCPA, as codified at Exchange Act Section 13(b)(2)(A) [15 U.S.C. § 78m(b)(2)(A)].

## THIRD CLAIM

### [Violations of Exchange Act Section 13(b)(2)(B)]

17. Paragraphs 1 through 10 are realleged and incorporated by reference.

18. As described above, with respect to improper payments to foreign officials and others, Delta & Pine failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions were executed in accordance with management's general or specific authorization; and (ii) transactions were recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for its assets.

19. By reason of the foregoing, Delta & Pine violated the internal accounting controls provisions of the FCPA, as codified at Exchange Act Section 13(b)(2)(B) [15 U.S.C. § 78m(b)(2)(B)].

## PRAYER FOR RELIEF

20. WHEREFORE, plaintiff respectfully requests that this Court enter a Final Judgment ordering defendants Delta & Pine and Turk Deltapine to pay, jointly and severally, a civil penalty pursuant to Exchange Act Sections 21(d)(3) and 32(c)(2)(B) [15 U.S.C. §§ 78u(d)(3) and 78ff(c)(2)(B)], and granting such other relief as the Court deems appropriate.

Respectfully submitted,

_____
Fredric D. Firestone
Kenneth R. Lench
Douglas C. McAllister
Rosemary A. Filou (DC Bar No. 429517)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-6041-B
(tel) (202) 551-4813
(fax) (202) 772-9237

Dated: July 25, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Securities and Exchange Commission | Delta & Pine Land Company and Turk Deltapine, Inc. |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)  Bolivar County MS <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) <br> Fredric D. Firestone <br> Kenneth R. Lench <br> Douglas C. McAllister <br> Rosemary A. Filou (DC Bar No. 429517) <br> Securities and Exchange Commission <br> 100 F Street, N.E. <br> Washington, D.C. 20549-6041-B <br> (tel) (202) 551-4813 | ATTORNEYS (IF KNOWN) <br> Homer E. Moyer, Jr. <br> Mark J. Rochon <br> Miller and Chevalier Chartered <br> Attorneys At Law <br> 655 Fifteenth Street, NW, Suite 900 <br> Washington, DC 20005 <br> (202) 626-5800 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ⦿ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. Antitrust | ○ B. Personal Injury/Malpractice | ○ C. Administrative Agency Review | ○ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 Federal Employers Liability <br> ☐ 340 Marine <br> ☐ 345 Marine Product Liability <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury <br> ☐ 362 Medical Malpractice <br> ☐ 365 Product Liability <br> ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act <br><br> Social Security: <br> ☐ 861 HIA ((1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g) <br> Other Statutes <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. <br><br> *(If Antitrust, then A governs)* |

| ⦿ E. General Civil (Other) | OR | ○ F. Pro Se General Civil |
|---|---|---|

| Real Property <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent, Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property <br><br> Personal Property <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | Bankruptcy <br> ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> Prisoner Petitions <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br><br> Property Rights <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> Federal Tax Suits <br> ☐ 870 Taxes (US plaintiff or defendant <br> ☐ 871 IRS-Third Party 26 USC 7609 | Forfeiture/Penalty <br> ☐ 610 Agriculture <br> ☐ 620 Other Food &Drug <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 RR & Truck <br> ☐ 650 Airline Regs <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br><br> Other Statutes <br> ☐ 400 State Reapportionment <br> ☐ 430 Banks & Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations <br> ☐ 480 Consumer Credit <br> ☐ 490 Cable/Satellite TV <br> ☐ 810 Selective Service <br> ☒ 850 Securities/Commodities/Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 900 Appeal of fee determination under equal access to Justice <br> ☐ 950 Constitutionality of State Statutes <br> ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ○ H. *Employment Discrimination*<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
15 U.S.C. §§ 78u(d)(3) and 78aa, alleging violations of 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B), and 78dd-1 (Foreign Corrupt Practices Act).

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____ Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  July 25, 2007    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.